UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID JOHNSON, individual and on behalf of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED AIR LINES, INC., a Delaware corporation, and UNITED CONTINENTAL HOLDINGS, INC., a Delaware corporation,<br><br>*Defendants*. | Case No. 1:17-cv-08858 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants UNITED AIR LINES, INC. and UNITED CONTINENTAL HOLDINGS, INC. (collectively "Defendants"), hereby remove this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. Removal is based on the following:

### I. BACKGROUND AND PLAINTIFF'S CLAIM

1. On November 7, 2017, Plaintiff David Johnson, filed a class-action complaint against Defendants, alleging that they have violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq*., by implementing a timekeeping system that relied on the collection, storage, and usage of employees' fingerprints and biometric information without informed consent. (Complaint ¶¶ 21, 28-32.) Plaintiff further alleges that Defendants violated BIPA by not making available a written policy addressing retention and destruction of such information and not obtaining consent for any transmission of such information to third parties. (*Id.* ¶¶ 33-34.) A copy of the all papers served on Defendants in this matter, is attached hereto as **Exhibit 1**.

2. Plaintiff seeks to bring this action on behalf of a class defined as "[a]ll individuals whose biometrics were captured, obtained, stored or used by Defendants at any time within the applicable limitations period." (*Id.* ¶ 38.)

3. Under BIPA, a plaintiff may sue a private entity for statutory violations in state court or as a supplemental claim in federal court. 740 ILCS 14/20. The law authorizes a prevailing party to recover liquidated damages of $1,000 or actual damages, whichever is greater, for negligent violations of the act. 740 ILCS 14/20(1). The law authorizes a prevailing party to recover liquidated damages of $5,000 or actual damages, whichever is greater, for intentional or reckless violations of the act. 740 ILCS 14/20(2). BIPA also authorizes recovery of an injunction for a prevailing party, as well as reasonable attorneys' fees and costs. 740 ILCS 14/20(3)-(4).

4. Plaintiff's Complaint seeks: (1) certification of the Class and appointment of Plaintiff as class representative and Plaintiff's counsel as class counsel; (2) a declaration that Defendants' actions violate BIPA; (3) injunctive and equitable relief requiring Defendants to comply with BIPA requirements for the collection, storage, and use of biometric identifiers and biometric information; (4) an award of statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(1); (4) an award of statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(3);[1] (5) an award of reasonable attorney's fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3); and (6) an award of pre- and post-judgment interest.

---

[1] Plaintiff's Complaint inaccurately cites BIPA's statutory damages provisions. (*See* Complaint at Prayer for Relief.) The citations provided in paragraph 3 *supra* are correct.

## II. DEFENDANTS' REMOVAL IS TIMELY

5. Defendants were served with the Complaint on November 8, 2017. This Notice of Removal is timely because it is being filed within 30 days of Defendants' receipt of the Summons and Complaint and within one year of the commencement of this action. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining the time for filing a notice of removal does not run until a party has been formally served with the summons and complaint under the applicable state law).

## III. PLAINTIFF'S CLAIM IS PREEMPTED BY THE RAILWAY LABOR ACT, 45 U.S.C. §§ 151, *ET SEQ.*

6. United is a common carrier by air and therefore covered by the Railway Labor Act ("RLA"). *See* 45 U.S.C. § 181.

7. Plaintiff worked for United as a baggage handler at O'Hare International Airport in Chicago, Illinois. (Complaint ¶ 26.) He was represented for the purposes of collective bargaining with United by The International Association of Machinists and Aerospace Workers ("IAMAW"). (Declaration of Dorota Karpierz ("Karpierz Decl.") ¶ 7, attached hereto as **Exhibit 2**.)

8. United and IAMAW are parties to a collective bargaining agreement ("CBA"), which governs Plaintiff's terms and conditions of employment. (Karpierz Decl. ¶ 8 and Ex. A.)

9. The CBA contains a three-step grievance and arbitration procedure for the resolution of disputes arising under the CBA. (*See* Karpierz Decl. ¶ 9 and Ex. A at Article 9.) As required by the Railway Labor Act, the procedure culminates in an arbitration hearing before the System Board of Adjustment:

> If the grievance remains unsettled after being processed through Step 3 above, the System General Chairman may request the case be heard by the System Board in compliance with Section 204, Title II of the Railway Labor Act as amended.

(*See* Karpierz Decl. ¶ 9 and Ex. A at Article 9, § 3.d.)  *See also* 45 U.S.C. § 184.

10. In his Complaint in the state court action, Plaintiff attempts to recast this contractual grievance into a statutory claim against Defendants, claiming that United Airlines captured, collected, stored, transferred, and used his fingerprint without notice or consent, an alleged violation of BIPA.

11. Plaintiff's claim—though he attempts to cast it in a different light—is a classic "minor dispute" under the RLA.  A "minor dispute" in RLA parlance is any dispute that grows "out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions."  *See, e.g., Monroe v. Missouri Pac. R.R. Co.*, 115 F.3d 514, 516 (7th Cir. 1997).  Minor disputes also involve the application of unwritten past practices between RLA employers and the unions that represent their employees.  *See, e.g., Brotherhood of Ry., Airline, and Steamship Clerks, Freight Handlers, Express & Station Employees v. Atchison, Topeka and Santa Fe Ry. Co.*, 847 F.2d 403, 406 (7th Cir. 1988).  Because any analysis of Plaintiff's claim in this lawsuit will "necessarily require[] interpretation of the CBA to determine the validity of [his] arguments regarding [Defendants' actions]," his claim is a minor dispute under the RLA.  *See Monroe*, 115 F.3d at 518.

12. Minor disputes can be adjudicated only under the RLA.  *See, e.g., id.*  Accordingly, Plaintiff's claim is preempted by federal law and removable to federal court.  *See, e.g., Hammond v. Terminal R.R. Ass'n of St. Louis*, 848 F.2d 95, 97 (7th Cir. 1988) (holding that plaintiff's state law claim involving a minor dispute under the RLA was properly removed to federal court).

4

## IV. PLAINTIFF'S CLAIM IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT

13. This putative class action is also subject to the Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) because minimal diversity exists and the amount in controversy exceeds $5,000,000.

14. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d). CAFA amended 28 U.S.C. § 1332 to grant United States district courts original jurisdiction over "any civil action" (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and (b) which is a "class action" in which, among other things, "any member of a class of plaintiffs is a citizen of a State different from any defendant."

15. "The language and structure of CAFA . . . indicate[ ] that Congress contemplated broad federal court jurisdiction with only narrow exceptions." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 621 (7th Cir. 2012) (quotation marks omitted).

16. This case meets all the requirements for jurisdiction under CAFA and 28 U.S.C. § 1332(d)(2).

### A. This matter is a "class action" under CAFA.

17. A "class action" for purposes of CAFA is defined as "any civil action filed in a district court of the United States under Rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff's Complaint purports to allege claims on behalf of a class of employees "whose biometrics were captured,

5

42826734v.4

obtained, stored or used by [Defendants] any time within the applicable limitations period." (Complaint ¶ 38.) Therefore, this action is properly considered a "class action" under CAFA.

      **B.**      **The requirement of minimal diversity is met.**

18.      Plaintiff is a citizen of the State of Illinois because "at all relevant times, [he] has been a resident and citizen of the state of Illinois." (*Id.* ¶ 14).

19.      A corporation "shall be deemed . . . a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" under § 1332(c)(1) is its "nerve center," that is, "the place where the corporation maintains its headquarters . . . ." *Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010).

20.      Defendant United Airlines, Inc. ("United Airlines") is incorporated in Delaware and is headquartered in Illinois. (Complaint ¶ 12; Karpierz Decl. ¶ 2.) United Airlines is therefore a citizen of the states of Delaware and Illinois.

21.      Defendant United Continental Holdings, Inc. ("United Continental Holdings") is incorporated in Delaware and is headquartered in Illinois. (Complaint ¶ 13; Karpierz Decl. ¶ 3.) United Continental Holdings is therefore a citizen of the states of Delaware and Illinois.

22.      As of November 30, 2017, United Airlines employed approximately 4,407 employees who work in facilities located in the State of Illinois and that have utilized the timekeeping system which Plaintiff alleges violates BIPA. (Karpierz Decl. ¶ 10.) In addition, in accordance with Plaintiff's class definition—which includes all individuals nationwide (*see* paragraph 2 *supra*)—as of November 30, 2017, there were approximately 30,198 employees who worked in facilities located <u>outside</u> the states of Illinois and Delaware and that have utilized the timekeeping system which Plaintiff alleges violates BIPA. (*Id.* ¶ 11.) None of these non-Illinois

employees worked in the State of Delaware. (*Id*. ¶ 12.) Therefore, the vast majority of putative class members are not citizens of Illinois or Delaware.

23. Minimal diversity therefore exists under 28 U.S.C. § 1332(d)(2)(A) because Plaintiff's class definition is not limited to Illinois citizens and therefore includes "member[s] of a class of plaintiffs" who are "citizen[s] of a State different from any defendant." *In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 330 (7th Cir. 2009) (quoting 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B)).

      **C.**      **The "matter in controversy" aggregated across all the class members' claims meets the CAFA threshold.**

24. The amount in controversy under CAFA is satisfied "if the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated . . . ." 28 U.S.C. § 1332(d)(6).

25. Defendants' burden to demonstrate the amount in controversy is low and need show only that there is "a reasonable probability that the stakes exceed" $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). If the party opposing federal jurisdiction contests the amount in controversy, the proponent must "prove those jurisdictional facts by a preponderance of the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)).

26. The Seventh Circuit has acknowledged "the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Id*. Accordingly, "[t]he party seeking

removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id.* (citing *Brill*, 427 F.3d at 448). This burden thus "'is a pleading requirement, not a demand for proof.'" *Id.* (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, [citation omitted] the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* at 764 (citing *Spivey*, 528 F.3d at 986; *Brill*, 427 F.3d at 448).

27. Defendants deny the validity and merit of the entirety of Plaintiff's alleged claim, the legal theories upon which it is based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal, however, and without conceding that Plaintiff or the putative class are entitled to damages or penalties, it is readily apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy well exceeds the jurisdictional minimum of $5,000,000 as detailed below.

28. Plaintiff's Complaint alleges that he worked at a facility owned and operated by United Airlines at O'Hare International Airport located in Chicago, Illinois and that "Defendants acquired and installed biometric timekeeping devices at all of the facilities at which they operate, and they require their workers, including Plaintiff, to have their fingers scanned by these biometric timekeeping devices." (Complaint ¶¶ 26, 29.) Plaintiff's Complaint also alleges that Defendants "require such workers to scan their fingers into one of their biometric timekeeping devices, at a minimum, each time they 'clock-in' and 'clock-out.'" (*Id.* ¶ 30.)

29. As noted above, as of November 30, 2017, United Airlines has approximately 34,605 employees who work in facilities that have utilized the timekeeping system which Plaintiff alleges violates BIPA. (Karpierz Decl. ¶¶ 10-11.)

30. Based on Plaintiff's allegation that Defendants violated the BIPA "each instance when Plaintiff and the other Class members scanned their fingers into Defendants' timekeeping devices" (Complaint ¶ 51), the class recovery for the Class defined in Plaintiff's Complaint for statutory damages for negligent violations of BIPA alone (assuming only a *single scan* for each employee) would be approximately $34,605,000.00 (34,605 employees *times* $1,000 per negligent violation *times* 1 scan).

31. Accordingly, the amount in controversy according to Plaintiff's theory of the case—which Defendants dispute—would far exceed $5,000,000, only considering statutory damages for negligent violations of BIPA, but excluding class recovery for intentional or reckless violations, as pled in the Complaint. Therefore, the matter-in-controversy threshold under 28 U.S.C. § 1332(d)(2) is met.

32. Pursuant to 28 U.S.C. § 1446(d), Defendants promptly will provide written notice of removal of this action to Plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

33. United Airlines and United Continental Holdings, Inc. consent to removal of this action to the U.S. District Court for the Northern District of Illinois.

34. Should Plaintiff seek to remand this case to state court, Defendants respectfully ask that they be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendants respectfully requests that the Court retain jurisdiction and allow them to file a motion asking this Court to certify any remand order for interlocutory review by the Seventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

35. Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

WHEREFORE, Defendants United Air Lines, Inc. and United Continental Holdings, Inc. hereby remove Case Number 2017-CH-14832 now pending in the Circuit Court of Cook County, to the United States District Court for the Northern District of Illinois.

DATED: December 8, 2017

Respectfully submitted,

UNITED AIR LINES, INC. and UNITED CONTINENTAL HOLDINGS, INC.

By /s/ Ada W. Dolph
One of The Attorneys For Defendants

Gerald L. Pauling (gpauling@seyfarth.com)
Ada W. Dolph (adolph@seyfarth.com)
Thomas E. Ahlering (tahlering@seyfarth.com)
Abigail Cahak (acahak@seyfarth.com)
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
(312) 460-5000
(312) 460-7000 (facsimile)

## **CERTIFICATE OF SERVICE**

I, Ada W. Dolph, an attorney, do hereby certify that on this 8th day of December, 2017, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL** upon the following plaintiff's counsel of record via U.S. mail:

| | |
|---|---|
| Myles McGuire | Evan M. Meyers |
| McGuire Law, P.C. | McGuire Law, P.C. |
| 55 W. Wacker Drive, 9th Floor | 55 W. Wacker Drive, 9th Floor |
| Chicago, Illinois 60601 | Chicago, Illinois 60601 |
| Phone: (312) 893-7002 | Phone: (312) 893-7002 |
| Fax: (312) 275-7895 | Fax: (312) 275-7895 |
| mmcguire@mcguirelaw.com | emeyers@mcguirelaw.com |

/s/ Ada W. Dolph