IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID JOHNSON, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware corporation, and UNITED CONTINENTAL HOLDINGS, INC., a Delaware corporation,<br><br>*Defendants*. | No. 17 C 08858<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

David Johnson ("Johnson"), on behalf of himself and similarly situated individuals, filed this action alleging a violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") against Defendants United Airlines, Inc. and United Continental Holdings, Inc. (collectively "United"). (Dkt. 1). The Court now considers dueling Motions for Relief from Judgment by Johnson and United. For the following reasons, Johnson's motion is granted, and United's motion is denied.

## BACKGROUND

The Court assumes familiarity with the facts as set forth in its Order addressing the Motion to Dismiss filed by United. (Dkt. 37). Briefly, United utilized Johnson's fingerprints to track when he signed in and out of work while he was employed as a baggage handler at O'Hare International Airport in Chicago, Illinois.

Johnson took issue with the collection of such information, arguing it violated his rights under BIPA.

In regard to procedural history, Johnson filed his complaint on November 7, 2017 in the Circuit Court of Cook County, Illinois. (Dkt. 1-1). United removed the action to federal court on December 8, 2017 under a theory that the Railway Labor Act ("RLA") preempted Johnson's claim and that the Class Action Fairness Act ("CAFA") provided this Court with jurisdiction. (Dkt. 1). United moved to dismiss Johnson's complaint pursuant to Rule 12(b)(1) and in the alternative moved to strike the class allegations pursuant to Rule 12(f). (Dkt. 19). The Court granted United's Motion to Dismiss for lack of subject matter jurisdiction and entered judgment on July 31, 2018. (Dkts. 37-38). In its Order of dismissal, the Court provided alternative justifications for its holding—that Johnson's claims were preempted by the RLA and that he lacked Article III standing. *Id.* Johnson then filed a Motion for Relief from Judgment pursuant to Rule 60(b)(4) asking the court to vacate its prior judgment and remand the case to Illinois state court. (Dkt. 39). United subsequently filed its own Motion for Correction of the Court's Order pursuant to Rule 60(a), Rule 60(b)(1), and/or Rule 60(b)(6). (Dkt. 44). United's Rule 60 Motion seeks relief "solely on the issue of Article III standing" in the Court's Motion to Dismiss Order. *Id.*

## LEGAL STANDARD

Rule 60(a) authorizes relief from a final judgment in order to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a

judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(b) provides relief on the basis of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'" *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent–A–Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)).

## DISCUSSION
### I. Johnson's Rule 60(b)(4) motion for relief from judgment

Johnson seeks relief from the Court's Order granting United's Motion to Dismiss on the grounds that the Order is void because the Court lacked subject-matter jurisdiction and was precluded from rendering judgment. (Dkt. 39). "Once a district court decides that the underlying judgment is void, the trial judge has no discretion and must grant the appropriate Rule 60(b) relief,' and it is 'a *per se* abuse of discretion to deny a Rule 60(b)(4) motion when the trial court has no jurisdiction over the action.'" *Philos Technologies, Inc. v. Philos & D, Inc.,* 645 F.3d 851, 855 (7th Cir. 2011) (quoting *Blaney v. West,* 209 F.3d 1027, 1031 (7th Cir. 2000); *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.,* 201 F.3d 948, 951 (7th Cir. 2000) ("A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter or of

the parties…); *see also Fed. Election Comm'n v. Al Salvi for Senate Committee,* 205 F.3d 1015, 1020 (7th Cir. 2000) ("A judgment is void within the meaning of Rule 60(b)(4) where it is entered by the court without jurisdiction…")

A court's finding that it lacks jurisdiction over a matter serves as an immediate roadblock to proceeding with the case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 74 U.S. 7 Wall. 506, 514, 19 L.Ed. 264 1868). As a natural extension of this, a court cannot decide the merits of a case once it discovers that it lacks jurisdiction. *See Steel Co.,* 523 U.S. at 101-02 ("For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires."); *Meyers v. Oneida Tribe of Indians of Wisconsin,* 836 F.3d 818, 821 (7th Cir. 2016) ("It is certainly true that a court may not decide the merits of a case without subject matter jurisdiction even if the parties have not themselves raised it."). Therefore, the proper result of a scenario where a court lacks jurisdiction over a removed case would be remand to the state court. *See e.g., Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.,* 23 F.3d 1134, 1139 (7th Cir. 1994).

In its July 31, 2018 Order, the Court provided the parties with alternative rulings. "Not only does preemption support dismissal in the underlying matter, but so too does the issue of Article III standing." (Dkt. 37, pg. 7). Johnson contends that

the latter holding—that Johnson does not have Article III standing—precludes the Court from entering any judgment on preemption grounds. As discussed *infra,* United has not identified a mistake of law warranting the extraordinary relief from the Court's ruling that Johnson did not suffer an injury-in-fact and consequently lacks standing to proceed. The question then becomes whether opining on the issue of preemption was an impermissible judgment on the merits.

United's motion to dismiss sought to dismiss Johnson's complaint in its entirety under Rule 12(b)(1) for lack of subject-matter jurisdiction. (Dkt. 19). The Court held that "the RLA preempts the action and mandates use of the arbitration provisions set forth under the CBA and in doing so strips this Court of subject matter jurisdiction." (Dkt. 37, pg. 6). A dismissal based on preemption grounds is considered a dismissal pursuant to Rule 12(b)(6) and on the merits. *Healy v. Metro. Pier and Exposition Auth.,* 804 F.3d 836, 840 (7th Cir. 2015) ("However, we deem a dismissal of preempted state law claims a 12(b)(6) dismissal for failure to state a claim, a dismissal on the merits."). Therefore, such a ruling, even when couched as an alternative ruling, treads in to the waters of "hypothetical jurisdiction." *See Steel Co.,* 523 U.S. at 101-02. Since the Court did not have subject-matter jurisdiction over the matter due to a lack of Article III standing, the judgment is void with respect to the dismissal of the complaint on preemption grounds. *Al Salvi for Senate Committee,* 205 F.3d at 1020.

Upon a finding of lack of subject-matter jurisdiction, remand is the appropriate resolution. "If at any time before final judgment it appears that the district court

lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Smith,* 23 F.3d at 1138-39. Having made such a determination, the Court has no discretion, but to remand to the Circuit Court of Cook County, Illinois. *Blaney,* 209 F.3d at 1031.

## II. United's Rule 60 motions

United seeks relief under Rule 60(a), Rule 60(b)(1), and/or Rule 60(b)(6). (Dkt. 44). The Court reviews each in turn.

### A. Rule 60(a)

Relief Rule 60(a) is available to litigants in very limited circumstances. "Rule 60(a) applies only where, because of a clerical error, the judgment expresses something different than what the court intended." *Moore-Bey v. Delrosario,* 165 F.3d 32 (7th Cir. 1998). United suggests that if the Court analyzed Article III standing on the erroneous assumption that Johnson's motion to remand was still pending, then relief under Rule 60(a) would be appropriate. (Dkt. 45, pgs. 3-4). It is true that the Court indicated it was dismissing Johnson's motion to remand as moot despite Johnson withdrawing the motion prior to the Court's Order. (Dkt. 30). However, it is of little import and does not warrant relief under Rule 60(a) as the motion to remand did not impact the Court's ruling and did not lead to "the judgment express[ing] something different than what the court intended." *Moore-Bey,* 165 F.3d at 32. Furthermore, no clerical error was present in the Order and therefore Rule 60(a) is inapplicable. United's Motion for Relief from Judgment under Rule 60(a) is denied.

**B. Rule 60(b)(1)**

United next seeks relief for "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1). "The rule was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). "Therefore, errors of law and fact generally do not warrant relief under Rule 60(b)(1) and certainly do not require such relief." *Banks v. Chicago Bd. of Educ.,* 750 F.3d 663, 667.

United's position is "that the Court's Order finding that Plaintiff has not sufficiently alleged Article III standing was in error and a mistake." (Dkt. 45, pg. 5). The Court held in its motion to dismiss that "the harm alleged by Johnson fails to rise to the level of an injury-in-fact without more." (Dkt. 37, pg. 7). The Court further wrote, "Johnson alleges a statutory violation based entirely on United's failure to obtain consent but provides no factual basis to show there was any subsequent disclosure that would form the injury." *Id.* at 8. "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1549 (2016); *see also Summers v. Earth Island Institute,* 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation … is insufficient to create Article III standing."). United fails to demonstrate the Court's Order contains a mistake or error sufficient to warrant the extraordinary relief provided by Rule 60(b). *Harrington*, 433 F.3d at 546.

United's argument hinges on a single allegation from Johnson's complaint which reads:

> Additionally, Defendants did not obtain consent for any transmission to third parties of Plaintiffs and their other employees' biometrics. To the extent Defendants utilize out of state vendors to operate their biometrics program in conformance with biometric industry practice, Defendants have also violated BIPA on each occasion they transmit such information to such third parties.

(Dkt 1-1 at ¶ 34). United fails to carry its burden here to demonstrate the Court committed an error or mistake in its Article III standing analysis. There is no dispute that Johnson must allege an actual injury-in-fact beyond merely conjectural or hypothetical harms. *Lujan,* 504 U.S. at 560. The language that United hangs it hat on in Johnson's complaint only serves to highlight the attenuated and hypothetical nature of the injury alleged. In essence, United takes issue with the Court's application of the law to the facts, but, absent other circumstances, such an argument is not a proper basis for relief under Rule (60)(b)(1). *Banks,* 750 F.3d at 667. As a result, United's Motion for Relief from Judgment pursuant to Rule 60(b)(1) is denied.[1]

---

[1] United's argument that CAFA jurisdiction exists is similarly uncompelling. It is true that Rule 23 allows the Court to address class certification "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A). Though it is only appropriate for the district court to do so when it is definitive at the pleadings stage that class certification is inappropriate. *See e.g., Wright v. Family Dollar, Inc.*, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010). It would be inappropriate for the Court to consider and rule on the class allegations where there is a factual dispute as to the purported class and discovery is needed. *See e.g., Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014). Johnson represents that he intends to certify a class that would be "substantially, if not completely, comprised of Illinois citizens." (Dkt. 39, pg. 9). Such representations are sufficient at the motion to dismiss stage to maintain minimal diversity exists as any dispute here is necessarily factual in nature. 28 U.S.C. § 1332(d)(4)(A).

**C. Rule 60(b)(6)**

Rule 60(b)(6) operates as a catch-all provision and allows for relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This provision is only available in extraordinary circumstances, but courts have flexibility and discretion in determining if such circumstances are present. *Pearson v. Target Corporation,* 893 F.3d 980, 984 (7th Cir. 2018). Certain factors that could lead to relief under the Rule include "'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck v. Davis,* 137 S.Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863-64 (1988). "Rule 60(b)(6) is fundamentally equitable in nature." *Ramirez v. U.S.,* 799 F.3d 845, 851 (7th Cir. 2015). Though seemingly broad in its grant of discretion, Rule 60(b)(6) exacts a higher burden upon United than other provisions in Rule 60(b). "In a rule already limited in application to extraordinary circumstances, proper resort to this 'catch all' provision is even more highly circumscribed." *Provident Sav. Bank v. Popovich,* 71 F.3d 696, 700 (7th Cir. 1995).

United contends it would be unjust to the parties for the Court to have ruled on the issue of Article III standing "without the benefit of briefing on the subject." (Dkt. 45, pg. 6). This claim is without merit as it ignores the fact that district courts routinely and independently assess standing. "This court has an independent obligation to satisfy itself that federal subject matter jurisdiction exists before proceeding to the merits in any case, even where, as here … the parties … [have] questioned the existence of such jurisdiction." *Smith v. Am. Gen. Life & Acc. Ins. Co.,*

337 F.3d 888, 892 (7th Cir. 2003); *see also United States v. $304,980.00 in U.S. Currency,* 732 F.3d 812, 817 (7th Cir. 2013). "[O]nce the district judge has reason to believe that there is a serious jurisdictional issue, he is obliged to resolve it before proceeding to the merits even if the defendant, whether as a matter of indolence or strategy, does not press the issue." *Crawford v. United States,* 796 F.2d 924, 929 (7th Cir. 1986). United agreed with as much in open court. (Dkt. 43, 4:2-5). The Court exercising its obligation to conduct an inquiry into subject-matter jurisdiction is undoubtedly within the realm of its authority and cannot be considered an injustice to the parties. United's argument fails to meet the extraordinarily high bar required for relief under Rule 60(b)(6) and its motion is denied. *Popovich,* 71 F.3d at 700.

## CONCLUSION

For the reasons stated above, the Court denies United's motion for relief from judgment. (Dkt. 44). The Court grants Johnson's motion. (Dkt. 39). Accordingly, the Court's Memorandum Opinion and Order (Dkt. 37) and entry of judgment (Dkt. 38) are deemed void due to lack of subject-matter jurisdiction. The matter is remanded to the Circuit Court of Cook County, Illinois.

_____
Virginia M. Kendall
United States District Judge

Date: March 18, 2019